**IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT**
**IN AND FOR DUVAL COUNTY, FLORIDA**

SYDNEY SPATOLA
Plaintiff,

CASE NO.:
SECTION:

vs.

DICKS' SPORTING GOODS, INC.,
a Foreign for-Profit Corporation d/b/a
DICKS SPORTING GOODS, and
SIMON PROPERTY GROUP, INC.,
a Foreign for Profit Corporation
Defendants.
_______________________________________/

**COMPLAINT**

COMES NOW the Plaintiff, SYDNEY SPATOLOA ("Plaintiff"), by and through the undersigned counsel, and sues the Defendants, DICKS' SPORTING GOODS, INC., d/b/a as DICKS SPORTING GOODS ("DICKS") and SIMON PROPERTY GROUP, INC., ("SIMON") and further alleges as follows:

**JURISDICTION AND VENUE ALLEGATIONS**

1. This is an action for damages that exceed the sum of FIFTY THOUSAND DOLLARS ($50,000), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of the claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's



ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/19/2026 11:10:32 AM

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Cont.

2. Venue is appropriate in Duval County, Florida, because the incident at issue and the other acts and omissions complained of herein occurred in Duval County, Florida.

3. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

4. At all times material hereto, Defendant, DICK'S SPORTING GOODS, INC., ("Dicks") was a Foreign for-Profit Corporation and was authorized to and doing business in Duval County, Florida.

5. At all times material hereto, Defendant, SIMON PROPERTY GROUP, INC., ("SIMON") was a Foreign for-Profit Corporation and authorized to and doing business in Duval County, Florida.

6. This Court has personal jurisdiction over Defendants because they conduct substantial and not isolated business in the State of Florida, and the causes of action arose from acts and omissions occurring within the State of Florida.

7. On December 18, 2024, Plaintiff was lawfully on the property outside the St. John's Town Center.

8. At that time and place, Plaintiff was an was an invitee/customer who was in the DICKS store shopping before she exited the store.

9. Following her exiting DICKS, Plaintiff was outside walking right in front of DICKS.

10. The property upon which Plaintiff was walking is owned by SIMON.

11. The location where Plaintiff fell was owned, operated, or controlled by DICKS.

12. The location where Plaintiff fell was owned, operated, or controlled by SIMON.

13. As Plaintiff walked outside DICKS, there were two black lights attached to the ground with metal pieces protruding from the base.

14. These black lights were approximately two and a half to three feet from the wall.

15. As Plaintiff walked by these lights, the light(s) shone directly into her face.

16. While Plaintiff was walking by the lights, wherein the light(s) shone in her face, one of the metal pieces on one of these light fixtures caught her shoe and caused her to fall to the ground.

17. There were no signs in the area where Plaintiff fell warning her of the dangerous condition.

18. Defendants' knowledge about the dangerous condition posed by the light fixtures referred to above, was superior to the Plaintiff's knowledge.

19. Following Plaintiff's fall, Plaintiff suffered serious injuries, including a fractured radial head in her right arm and a dislocation in her right knee.

20. Defendants owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to warn of dangerous conditions that were known or should have been known through the exercise of reasonable care.

21. While walking in an area open to the public, Plaintiff encountered a dangerous condition, including but not limited to the two black lights mentioned above, which Defendants knew or should have known existed.

22. The dangerous condition was not open and obvious to Plaintiff and posed an unreasonable risk of harm.

23. Defendants failed to remedy the dangerous condition within a reasonable time and failed to provide adequate warnings.

24. As a direct and proximate result, Plaintiff slipped, tripped, and/or fell, sustaining serious bodily injuries, pain and suffering, disability, aggravation of pre-existing conditions, medical expenses, lost wages, and loss of capacity for enjoyment of life.

25. Following the fall, Plaintiff suffered serious injuries, including a fractured radial head in her right arm and a dislocation in her right knee.

26. DICKS' employees are supposed to look for tripping hazards and remove them to protect the store's customers and other invitees.

27. SIMON employees are supposed to look for tripping hazards and remove them to protect the store's customers and other invitees.

28. At all times material hereto, Defendants had actual and/or constructive knowledge of the dangerous condition pursuant to Florida Statute §768.0755.

29. The dangerous condition existed for a sufficient length of time that Defendant, through the exercise of reasonable care, should have discovered the condition.

30. Additionally, the dangerous condition was the result of Defendant's fixtures, displays, and/or maintenance practices and occurred with such regularity that it was reasonably foreseeable, thereby imputing constructive knowledge to Defendant.

31. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

**COUNT I – NEGLIGENCE AGAINST DICKS SPORTING GOODS**

32. Plaintiff incorporates and alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein and further alleges:

33. At all relevant times, DICKS owed Plaintiff a duty to maintain, operate, supervise, and control the premises of DICKS located at 10390 Mid Town Parkway, Jacksonville, Florida 32246 and also at or in the vicinity of 4663 River City Drive, Jacksonville, FL 32246.

34. DICKS had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifested themselves as particular dangerous conditions on the premises of DICKS and/or SIMON, located the St. Johns Town Center.

35. DICKS, through its agents and/or employees acting within the course of their employment, failed to comply with the aforementioned duties in one or more of the following ways, but not limited thereto:

a. Failing to maintain the premises in a reasonably safe condition,

b. Failing to warn invitees/customers of the dangerous condition(s) of which it knew or should have known,

c. Failing to properly secure, affix, or maintain the light fixture so that there would be nothing hanging from the light fixture to allow for a shoe or shoelace to latch onto the light fixture causing an invitee, patron, or customer to fall,

d. Allowing a dangerous and unsafe condition to exist, namely, a hanging object from a light fixture that extended into the area where customers walked and could catch on a visitor's shoelace;

e. Failing to conduct reasonable inspections of the premises to discover dangerous conditions involving store fixtures and lighting components;

f. Failing to correct or remedy the dangerous condition after Defendant knew or, through the exercise of reasonable care, should have known of its existence;

g. Failing to warn Plaintiff and other invitees of the dangerous condition, despite the foreseeable risk of tripping and serious injury;

h. Improperly designing, installing, and/or maintaining store fixtures and lighting, creating a foreseeable tripping hazard in an area intended for pedestrian traffic;

i. Failing to implement, enforce, and follow reasonable safety policies and procedures regarding the placement, inspection, and maintenance of fixtures and objects; and

j. Failing to properly train and supervise employees to identify, report, and eliminate hazardous conditions on the premises.

36. As a result of DICKS' negligence, Plaintiff, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, SYDNEY SPATOLA, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement

37. As a direct and proximate result of Defendant DICK'S INC.'s negligence, and within the reasonably foreseeable zone of risk created by Defendant's acts and omissions, Plaintiff sustained serious bodily injuries.

38. The injuries suffered by Plaintiff were a natural, direct, and foreseeable consequence of Defendant's failure to maintain the premises in a reasonably safe condition and to

correct or warn of the dangerous condition and were not the result of any superseding or intervening cause.

WHEREFORE, Plaintiff demands judgment against DICKS for damages, costs, prejudgment interest on medical expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

The plaintiff requests a trial by jury.

**COUNT II – NEGLIGENCE AGAINST SIMON PROPERTY GROUP**

39. Plaintiff incorporates and alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein and further alleges:

40. At all relevant times, SIMON owed Plaintiff a duty to maintain, operate, supervise, and control the premises of SIMON of 4663 River City Drive, Jacksonville, FL 32246 and 10390 Mid Town Parkway, Jacksonville, Florida 32246 and the property located at the St. Johns Town Center.

41. SIMON had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifested themselves as particular dangerous conditions on the premises of DICKS and/or SIMON, located the St. Johns Town Center.

42. SIMON, through its agents and/or employees acting within the course of their employment, failed to comply with the aforementioned duties in one or more of the following ways, but not limited thereto:

a. Failing to maintain the premises in a reasonably safe condition,

b. Failing to warn invitees/customers of the dangerous conditions of which it knew or should have known,

c. Failing to properly secure, affix, or maintain the light fixture so that there would be nothing hanging from the light fixture to allow for a shoe or shoelace to latch onto the light fixture causing an invitee / customer to fall,

d. Allowing a dangerous and unsafe condition to exist, namely, a hanging object from a light fixture that extended into the area where customers walked and could catch on a visitor's shoelace;

e. Failing to conduct reasonable inspections of the premises to discover dangerous conditions involving store fixtures and lighting components;

f. Failing to correct or remedy the dangerous condition after Defendant knew or, through the exercise of reasonable care, should have known of its existence;

g. Failing to warn Plaintiff and other invitees of the dangerous condition, despite the foreseeable risk of tripping and serious injury;

h. Improperly designing, installing, and/or maintaining store fixtures and lighting, creating a foreseeable tripping hazard in an area intended for pedestrian traffic;

i. Failing to implement, enforce, and follow reasonable safety policies and procedures regarding the placement, inspection, and maintenance of fixtures and objects;

j. Failing to properly train and supervise employees to identify, report, and eliminate hazardous conditions on the premises, and

k. Failing to either correct or remedy the dangerous condition after Defendant knew or, through the exercise of reasonable care, should have known of its existence and/or failing to direct DICKS to correct or remedy the dangerous condition after Defendant knew or, through the exercise of reasonable care, should have known of its existence.

43. As a result of SIMONS' negligence, Plaintiff, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, SYDNEY SPATOLA, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement

44. As a direct and proximate result of Defendant SIMONS' negligence, and within the reasonably foreseeable zone of risk created by Defendant's acts and omissions, Plaintiff sustained serious bodily injuries.

45. The injuries suffered by Plaintiff were a natural, direct, and foreseeable consequence of Defendant's failure to maintain the premises in a reasonably safe condition and to correct or warn of the dangerous condition and were not the result of any superseding or intervening cause.

WHEREFORE, Plaintiff demands judgment against SIMON for damages, costs, prejudgment interest on medical expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

WHEREFORE, Plaintiff demands judgment against SIMON for damages, costs, prejudgment interest on medical expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

The plaintiff requests a trial by jury.

Dated this 17 day of February 2026

DISMUKE LAW

By: /s/Joshua Schoen
Joshua Schoen
Florida Bar No. 0070361
1920 S. Florida Avenue
Lakeland, FL 33803
(863) 250-5050
service@1800askdave.com
josh@1800askdave.com
ATTORNEY FOR PLAINTIFF